77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward K. McNEIL, Defendant-Appellant.
 No. 95-1438.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 16, 1996.
Decided Feb. 5, 1996.
 
 Before CUMMINGS, RIPPLE and TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 In December 1993, Edward McNeil, Alfonso Thompson and Lemont Thompson were named in a three-count indictment. Count One charged them with conspiring to possess with the intent to distribute quantities of cocaine base (crack cocaine) and heroin. Count two charged them with possessing with the intent to distribute 140.5 grams of mixtures containing cocaine. Count three charged them with possession with intent to distribute 315 grams of mixtures containing cocaine base.
 
 
 2
 In June 1994, the Thompsons pled guilty to Count One. In September of that year, McNeil was tried by a jury which found him guilty on Count One and not guilty on Counts Two and Three. He was sentenced to a 360-month term of imprisonment and subsequently appealed.
 
 
 3
 On November 10, 1993, Forest Park, Illinois, police arrested the Thompsons and McNeil while they were packaging heroin and cocaine base for street distribution. Through a friend, McNeil had obtained access to an empty apartment at 229 Morengo Drive in Forest Park. The building manager noted that a towel, radio and glass table had been installed there. That night he noticed a light in the apartment and heard voices there. Consequently he contacted Forest Park police officers. While outside the apartment door, three of them heard voices and a radio and noticed a light inside. When they forced open the door, the officers observed the Thompsons and McNeil sitting at a glass table in the apartment living room. Lemont Thompson tried unsuccessfully to push the apartment door shut. Crack cocaine, heroin and items used in the packaging of narcotics were on the table. At that time, McNeil and Alfonso Thompson threw narcotics packaging material, a cutting edge and other drug paraphernalia from the balcony. A fourth police officer had remained in the parking lot underneath the balcony and observed McNeil throwing over the balcony a box which contained plastic baggies, a sieve, a scale, a coffee grinder, cutting edges and 691 units of crack cocaine packed in individual baggies. At the same time, Alfonso Thompson threw a bottle of lactose over the balcony. The bottle contained a baggie with heroin stuffed inside. Alfonso Thompson also threw handfuls of individual units of heroin wrapped in aluminum foil over the balcony.
 
 
 4
 After arresting the trio, the police officers searched McNeil's pockets and recovered the apartment keys therefrom. McNeil stated that he had obtained the keys from the former tenant of the apartment, who told McNeil that he could use the apartment temporarily. McNeil was 36 years old at the time and his co-defendants were 21 and 19, respectively.
 
 ANALYSIS
 Propriety of Supplemental Instruction
 
 5
 McNeil first argues that Judge Grady committed reversible error by providing the jury with a supplemental instruction on the topic of aider and abettor liability. This was within the discretion of the trial judge. United States v. Sanders, 962 F.2d 660, 677 (7th Cir.1992).
 
 
 6
 The supplemental instruction was in response to a jury note asking "If a defendant is guilty of aiding and abetting in a conspiracy is he a member of the conspiracy?" After conferring with counsel, the judge told the parties that he intended to instruct the jury that an aider and abettor to a conspiracy is not necessarily a member of the conspiracy, and the defense agreed to this proposed answer which was given with some elaboration. Since defense counsel agreed to the gist of this supplemental instruction, any objection has been waived. United States v. Lakich, 23 F.3d 1203, 1207 (7th Cir.1994). Moreover, the supplemental instruction was appropriate because it answered an issue reasonably raised by the evidence. Sanders, 962 F.2d at 676. Finally, the supplemental instruction favored the defendants by telling the jury that criminal liability as an aider and abettor was limited.
 
 Sufficiency of Evidence
 
 7
 McNeil challenges his Count One conviction for aiding and abetting a conspiracy on the basis that the evidence was insufficient to establish a conspiracy. However, the record supports two independent bases for a Count One conviction: the jury could have found that McNeil was a member of the charged conspiracy or that he aided and abetted the conspiracy but did not join it. We may affirm the conviction on either basis. Griffin v. United States, 502 U.S. 46. The evidence summarized above showed that the three defendants were engaged in this drug-packaging operation. Thus McNeil obtained the apartment where the drug-packaging operation took place and was observed at the table inside the apartment where all three defendants were engaged in packaging drugs. Also, he threw narcotics packaging material from the apartment's balcony as did co-defendant Alfonso Thompson. The police officer stationed below the balcony identified McNeil as the person who threw over the balcony the box of crack cocaine and other items used in the drug trade, and the three other officers testified that they saw McNeil returning from the balcony to join the Thompsons. Thus there was ample evidence that McNeil had joined the conspiracy charged in Count One. Further, because the record sufficiently demonstrates that the Thompsons conspired with one another in the drug arrangement, the evidence also supports McNeil's conviction for aiding and abetting that conspiracy. In light of the evidence regarding events in and around the apartment observed by the police, we reject McNeil's suggestion that the absence of statements by the Thompsons regarding a conspiracy precludes the jury from finding that a conspiracy existed.
 
 
 8
 Calculation of Amounts of Narcotics in Sentencing McNeil
 
 
 9
 McNeil contends that in sentencing him the district court improperly calculated the amounts of narcotics. He claims that the district court should not have considered the heroin and crack cocaine recovered in the apartment. In the district court, defendant McNeil urged Judge Grady to apply a guideline figure based on the amount of recovered heroin and cocaine. Therefore he has waived the argument which he newly presents on appeal. United States v. Olano, 113 S.Ct. 1770, 1777; Lakich, 23 F.3d at 1207. In any event, the evidence showed that McNeil had conspired to possess with the intent to distribute and to distribute both drugs, so that sentencing on that basis was appropriate. Finally, even if the court had sentenced McNeil based solely on the amount of crack cocaine recovered in the apartment, he would have received the same sentence and indeed would have been subject to a life sentence instead of the 360 months he received. 21 U.S.C. § 841(b)(1)(A)(iii).
 
 
 10
 McNeil's conviction and sentence are affirmed.